UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BONNIE GRIFFIS, individually and on behalf of all others similarly situated,**

       **Plaintiff,**

v.

**MIDLAND CREDIT MANAGEMENT, INC.**

       **Defendant.**

_____/

**CASE NO.:**

**CLASS ACTION**
**DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

## CLASS ACTION COMPLAINT

1.     This is a class action brought by Plaintiff, BONNIE GRIFFIS under the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"). This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692k, and 28 U.S.C. § 1334 (b).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this class action lawsuit under 28 U.S.C. §1331. Venue in this District is proper because Defendants maintain and conduct business within this District.

## STANDING

3.     Plaintiff and the Classes' harms are particularized in that the damages from Defendant's conduct affected Plaintiff and the Class personally.

4.     Plaintiff and the Classes' harms are concrete in that they are cognizable as actual damages under the FCCPA and the FDCPA, in addition to the statutory damages provided by the Florida Legislature and Congress, respectively.

1

5.     Together, the aforementioned actual and statutory damages produce cognizable damages under Article III both as to the Class harms and Plaintiff's individual damages under FDCPA.

## PARTIES

6.     Plaintiff is a natural person and a resident of Clay County, Florida.  At all times material hereto, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(2) and 15 U.S. Code § 1692a. Plaintiff has standing to bring a claim under the FCCPA and the FDCPA because she was directly affected by violations of these Acts, and was subjected to Defendants' illegal and improper debt collection activities.

7.     Defendant MIDLAND CREDIT MANAGEMENT, INC. is a Kansas corporation specializing in debt collection and based in San Diego, CA.

8.     Defendant Midland is a "creditor" as it is defined in Fla. Stat. §559.55(5) and is a "debt collector" as it is defined under 15 USC 1692a(6).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

9.     Prior to 2011, Plaintiff had a credit card debt which was sold to Midland Credit Management, Inc (the "Debt"). The credit card debt was in default when it was sold to Midland.

10.     On August 11, 2011, Defendant filed a debt collection lawsuit against Plaintiff to collect on the Debt. *See Clay County Court,* 2011CC000602 - *Midland Funding LLC vs. Bonnie Griffis.*

11.     Plaintiff filed an Answer on September 23, 2011 and a Summary Final Judgment was granted on May 8, 2013.

12.     A Writ of Execution of the Judgment was issued on June 18, 2013.

13.     A Final Judgment of Garnishment was granted June 26, 2019. ***See Exhibit A.***

14.     A Satisfaction of Final Judgment of Garnishment was filed on May 28, 2020 by the Defendant. *See Exhibit B.*

15.     Plaintiff's judgment was satisfied on May 28, 2020.

16.     On March 22, 2021, Defendant filed a new Motion for Writ of Garnishment against Plaintiff, resulting in Plaintiff's need to hire new counsel to defend her.

17.     On April 26, 2021, the Writ was granted by the county judge. *See Exhibit C.*

18.     Defendant began garnishing Plaintiff's wages until May 28, 2021, when the writ of garnishment was dissolved. *See Exhibit D*.

19.     Defendant Midland Credit Management, Inc. attempted to collect Plaintiff's Debt after already satisfying the final judgment for the same debt and attempted to garnish Plaintiff, who had already paid.

20.     Upon information and belief, Defendant employs a nationwide business model and/or computer software platform that systematically permits it to garnish consumers' accounts or wages after their debts are paid, despite having knowledge of the fact the debts are indeed paid.

21.     Upon information and belief, this behavior by Defendant is so widespread that multiple consumers, possibly hundreds or thousands, have been subject to Defendant's violations of the FCCPA and FDCPA. Therefore, Plaintiff brings this class action.

## FACTUAL ALLEGATIONS RELATED TO FCCPA CLASSES

22.     Upon information and belief, for each member of the FCCPA Class:

    a.   The member was a citizen of Florida at all relevant times;

    b.   The member had debt which was reduced to a judgment;

    c.   The member satisfied this judgment; and

3

d.  Defendant Midland filed a Motion for Writ of Garnishment (or equivalent)

following satisfaction of the judgment.

## FACTUAL ALLEGATIONS RELATED TO FDCPA CLASSES

23.   Upon information and belief, for each member of the FDCPA Class:

a.  The member was a citizen of the United States at all relevant times;

b.  Defendant was collecting a consumer debt that was in default when

purchased;

c.  The member had a debt which was reduced to a judgment;

d.  The member satisfied this judgment; and

e.  Defendant Midland filed a Motion for Writ of Garnishment (or equivalent)

following satisfaction of the judgment.

## CLASS ACTION ALLEGATIONS

24.   This action is brought on behalf of the following Classes:

The FCCPA Class:

(1) All persons in the State of Florida (2) who had a judgment by Midland
against them, (3) satisfied that judgment and (4) Defendant attempted to
garnish their wages or accounts following satisfaction.

The FDCPA Class:

(1) All persons nationwide  (2) who had a judgment by Midland against
them, (3) satisfied that judgment and (4) Defendant attempted to garnish
their wages or accounts following satisfaction.

25.   The relevant time periods for the Class claims is one year from the date of the

complaint for the FDCPA class and two years from the date of the complaint for the FCCPA class.

26.   Plaintiff reserves the right to amend the above-stated class definitions based upon

facts learned in discovery.

4

27.     Plaintiff also alleges on information and belief that based upon the number of accounts Defendant services in the State of Florida, the Class are so numerous that joinder of all members is impracticable. There are more than forty (40) individuals in FCCPA Class as previously defined herein and in the same fashion, there are more than forty (40) individuals in the FDCPA Class as previously defined herein.

28.     There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

        a.     Whether Defendant Midland's conduct is governed by the FCCPA and/or FDCPA.

        b.     Whether the actions Midland took in garnishing a consumer's wages/accounts following satisfaction of judgment violated the FCCPA.

        c.     Whether the actions Midland took in garnishing a consumer's wages/accounts following satisfaction of judgment violated the FDCPA.

29.     Plaintiff's claims are typical of those of the members of the FDCPA and the FCCPA Classes. Within the Classes, all claims are based on the same facts and legal theories. All claims of the Classes and Plaintiff have standing under Article III of the Constitution, with injuries easily traceable to debt collection communications.

30.     Plaintiff will fairly and adequately protect the interests of the Classes.  She has retained counsel experienced in handling actions involving unlawful practices under FCCPA, FDCPA, and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

31.     Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

        a.     The questions of law or fact common to the members of the FCCPA Class predominate over any questions affecting individual members.

        b.     The questions of law or fact common to the members of the FDCPA Class predominate over any questions affecting individual members.

        c.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the claims rely on standard practices dealing with hundreds of possible class members.

32.     Certification of the Classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief appropriate with respect to the Classes as a whole.

33.     Plaintiff requests that the FCCPA Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

34.     Plaintiff requests that the FDCPA Class be certified under Rule 23(b)(3) for monetary damages.

## COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA") (FCCPA CLASS)

35.     Plaintiff, on behalf of herself and all other similarly-situated FCCPA Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 22, 24 through 34 above as if fully set forth herein.

36.      "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

37.      At all times material herein, Plaintiff and all FCCPA Class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

38.      At all times material herein, Plaintiff and all Class Members' debts were "debts" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

39.      At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

40.      The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

41.      Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7)(9).

42.      Defendant attempted to collect from Plaintiff and FCCPA Class Members a debt which had already been satisfied.

43.     Upon information and belief, Defendant had knowledge of Plaintiff's and the FCCPA class members not owing the debts when it began collecting.

44.     By demanding payment for debts which Plaintiff and Class Members no longer owed, Defendant Midland has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

45.     As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the FCCPA Class have been harmed.

46.     Plaintiff and the FCCPA Class are entitled to statutory damages of $1,000 per individual and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

47.     Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's and the Class' rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

WHEREFORE, Plaintiff prays that the Court enter an Order:

a) Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FCCPA Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b) Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7) - (9), and awarding Plaintiff and the FCCPA Class statutory damages pursuant to Florida Statutes § 559.77(2);

c) Permanently enjoining Defendant from threatening Plaintiff and the FCCPA classes in the manner described in this lawsuit;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 15 U.S.C. § 1692k(a)(3).;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: CLAIMS FOR VIOLATIONS OF THE FDCPA
### (FDCPA Class)

48.     Plaintiff, on behalf of herself and all other similarly-situated FDCPA Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 23, and 24 through 34 above as if fully set forth herein.

49.     Plaintiff and Class members are "consumers" as that term is defined by 15 U.S.C. §1692(a)(3).

50.     Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6) as Plaintiff's account was in default at the time Defendant acquired the loan.

51.     At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff and FDCPA Class Members (the "Debt").

52.     At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

53.     When Defendant Midland purchased the debts of the Class Members, the debts were in default.

54.     At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

55.     This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

56.     The garnishment documents are "communications" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff and the Class Members' debts were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

57.     Defendant attempted to collect on judgment debts it knew had already been satisfied.

58.     By misrepresenting the status of the debt as collectible and attempting to collect a judgment debt that was satisfied, Defendant violated:

   a.  15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

   b.  15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

   c.  15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

59.     As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class Members have been harmed.  Plaintiff and FDCPA Members are entitled to statutory damages, attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays that the Court enter an Order:

a) Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FDCPA Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b) Adjudging that Defendant violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C. §1692d and awarding Plaintiff and the Class actual damages in the form of money paid to Defendant on discharged debts and statutory damages pursuant to the 15 U.S.C. § 1692k(a)(3);

c) Permanently enjoining Defendant from threatening Plaintiff and the FDCPA Class in the manner described in this lawsuit;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3).;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues herein.

Dated this 23rd day of June, 2021,

/s/ Max Story, Esq.
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
Max Story PA
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 23rd day of June, 2021.

/s/ Max Story, Esq.
Florida Bar:  0527238

EXHIBIT ____A____

6/27/2019 1:15 PM Tara S. Green

MIDLAND FUNDING LLC AS SUCCESSOR IN
INTEREST TO CITIBANK
                    Plaintiff,

vs.

BONNIE GRIFFIS aka BONNIE B. GRIFFIS
                    Defendant,

and

CAMPUS USA CREDIT UNION,
                    Garnishee.                    /

IN THE COUNTY COURT OF THE
FOURTH JUDICIAL CIRCUIT IN
AND FOR CLAY COUNTY,
FLORIDA
CASE NO.: 2011-CC-602

## FINAL JUDGMENT IN GARNISHMENT AND ORDER DIRECTING GARNISHEE TO DISBURSE FUNDS

**THIS CAUSE** came before the Court on Plaintiff's Motion for Final Judgment in Garnishment, and for Order Directing Garnishee to Disburse Funds, the Court having reviewed the file, having determined that Garnishee has been properly served with the Writ of Garnishment and has admitted a debt to Defendant, Defendant having failed to respond, or assert any defenses, to Plaintiff's Notice of Garnishment served upon Defendant, and the Court being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows

1. Plaintiff, MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO CITIBANK, shall have, receive and recover from Garnishee, CAMPUS USA CREDIT UNION, the sum of $609.14 for which amount let execution issue. Garnishee shall pay to Plaintiff the sum of $609.14 within (15) days of this Order.

2. All payments shall be made payable to Midland Credit Management,Inc. and mailed to P.O. BOX 2121 WARREN MI 48090-2121.

3. Plaintiff's garnishment costs in the amount of $90.00, court cost which includes Garnishee's Attorney costs offset, if any, are taxed in favor of Plaintiff and against Defendant.

4. Upon payment as directed herein, the Writ of Garnishment shall be dissolved without further order of Court and Garnishee shall be discharged of all liability to Plaintiff and Defendant for the Writ of Garnishment issued February 25, 2019.

5. This Court reserves jurisdiction to enter all further orders as necessary to enforce the terms herein.

**DONE AND ORDERED** in chambers, at CLAY County, Florida, on this 26th day of June, 2019.

_____
JUDGE

273011

Copies to:

PAYAL CHATANI / SEAN FISHER / MOLLY FITZPATRICK / CHASE HAGUE / COLLEEN E. LEHMANN / VALERIA OBI / CARRIE TAYLOR / JOHAN A. GREEN, Esq., Attorney for Plaintiff, PO BOX 290335  TAMPA FL 33687 IL_FL@mcmcg.com

BONNIE GRIFFIS, Defendant, 329 SE 34TH ST  KEYSTONE HEIGHTS FL 32656

GABRIEL W. HAMLETT, Attorney for Garnishee, CAMPUS W. HAMLETT,ESQ PO BOX 147029 GAINESVILLE FL 326147029 ghamlett@campuscu.com

273011

EXHIBIT _____ B

Filing # 108060087 E-Filed 05/28/2020 01:05:44 PM

MIDLAND FUNDING LLC AS SUCCESSOR IN
INTEREST TO CITIBANK
           Plaintiff,

vs.

BONNIE GRIFFIS aka BONNIE B. GRIFFIS
           Defendant,

and

CAMPUS USA CREDIT UNION,
           Garnishee.           /

IN THE COUNTY COURT OF THE
FOURTH JUDICIAL CIRCUIT IN
AND FOR CLAY COUNTY,
FLORIDA
CASE NO.: 2011-CC-602

## SATISFACTION OF FINAL JUDGMENT IN GARNISHMENT

    KNOW ALL MEN BY THESE PRESENTS: That the undersigned attorney for Plaintiff,
Midland Funding LLC as successor in interest to Citibank, in the above-styled cause, does hereby
acknowledge full payment of Final Judgment in Garnishment entered on June 26, 2019, for the Writ of
Garnishment issued on February 25, 2019, in the above-named Court against the Garnishee therein, and
the same hereby be satisfied of record.

Executed on this _____ **MAR 2 7 2020** _____



PAYAL CHATANI, Esq., Fla. Bar 25285 _____
MOLLY FITZPATRICK, Esq., Fla. Bar 103529 _____
COLLEEN E. LEHMANN, Esq., Fla. Bar 33496 _____
VALERIA OBI, Esq., Fla. Bar 106554 _____
JOHAN A. GREEN, Esq., Fla. Bar 1011917 _____
MATTHEW OVERPECK, Esq., Fla. Bar 121625 _____
Attorneys for Plaintiff
PO BOX 290335
TAMPA FL 33687
(800) 875-7159
(813) 337-0637 Fax
E-service address: 1L_FL@mcmcg.com

SWORN TO and subscribed before me on this _____ day of _____ **MAR 2 7 2020** _____, 2020, by the above
signed affiant, who is personally known to me.

Alexandria Bruce

Notary Public
My Commission Expires: 02-27-2024

> ALEXANDRIA BRUCE
> Notary Public - State of Florida
> Commission # GG 963638
> My Comm. Expires Feb 27, 2024
> Bonded through National Notary Assn.

Copies to:

PAYAL CHATANI / MOLLY FITZPATRICK / COLLEEN E. LEHMANN / VALERIA OBI / JOHAN A. GREEN /
MATTHEW OVERPECK, Esq., Attorney for Plaintiff, PO BOX 290335 TAMPA FL 33687
IL_FL@mcmcg.com

BONNIE GRIFFIS, Defendant, 329 SE 34TH ST KEYSTONE HEIGHTS FL 32656

GABRIEL W.HAMLETT CAMPUS W. HAMLETT,ESQPO BOX 147029 GAINESVILLE, FL 326147029
ghamlett@campuscu.com

FL_0538G File No: 273011

EXHIBIT _____C_____

MIDLAND FUNDING LLC AS SUCCESSOR IN
INTEREST TO CITIBANK
                    Plaintiff,

vs.

BONNIE GRIFFIS AKA BONNIE B. GRIFFIS
                    Defendant,

and

FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
............................................Garnishee,............................../

INTHECOUNTYCOURTOFTHE
FOURTH JUDICIAL CIRCUIT IN
AND FOR CLAY COUNTY,
FLORIDA
CASE NO.: 2011-CC-602

## CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED TO SUMMON Garnishee, FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES, c/o TERRY L. RHODES, EXECUTIVE DIRECTOR, 2900
Apalachee Parkway ROOM A432, MS 02 TALLAHASSEE FL 32399, who is required to serve an
Answer to this Writ on MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO
CITIBANK, at PO BOX 290335 TAMPA FL 33687, within twenty (20) days after service of the writ,
excluding the day of service, stating whether the garnishee is indebted to the defendant at the time of
the answer or was indebted at the time of service of the writ. The Answer shall state whether Garnishee
is the employer of Defendant, BONNIE GRIFFIS AKA BONNIE B. GRIFFIS, and whether Garnishee
is indebted to Defendant by reason of salary or wages. Garnishee's Answer shall specify the period of
payment (for example, weekly, biweekly, or monthly) and amount of salary or wages and be based on
Defendant's earnings for the pay period during which this Writ is served on Garnishee.

During each pay period, a portion of Defendant's salary or wages, as it becomes due shall be held and
not disposed of or transferred until further order of this Court. The amount of salary or wages to be
withheld for each pay period shall be made in accordance with the following paragraph. This Writ
shall continue until Plaintiffs Judgment is paid in full or until otherwise provided by Court order.

Federal law (15 U.S.C. SS 1671-1673) limits the amount to be withheld from salary or wages to no
more than 25% of any individual Defendant's disposable earnings (the part of earnings remaining after
the deduction of any amounts required by law to be deducted) for any pay period or to no more than
the amount by which the individual's disposable earnings for the pay period exceeds 30 times the
federal minimum hourly wages, whichever is less.

FL_050JG File No. 273011

The Final Judgment was entered on May 28, 2013 in the amount of $7,496.98. Statutory interest accrues in accordance with Section 55.03, Florida Statutes, from the date of the Judgment until the Judgment is paid in full. An outstanding balance of $9,999.73, plus statutory interest is still owed under the judgment.

For administrative costs, Garnishee may collect $5.00 against the salary or wages of Defendant for the first deduction and $2.00 for each deduction thereafter.

FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST GARNISHEE FOR THE ABOVE TOTAL AMOUNT OF $7,496.98.

DONE AND ORDERED THIS 26th DAY OF APRIL, 2021.

_____
JUDGE

**AMERICANS WITH DISABILITIES ACT OF 1990**
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT AND ADA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDING.

FL_0503G File No.: 27301 I

<u>**NOTICE TO DEFENDANT OF RIGHT AGAINST
GARNISHMENT OF WAGES, MONEY,
AND OTHER PROPERTY**</u>

**The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.**

**State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments.** Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

**IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN,** YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT. NOTE THAT THE FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

**If you request a hearing,** it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

**IF YOU HAVE A VALID EXEMPTION, YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT.** THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

IN THE CIRCUIT/COUNTY COURT OF FOURTH JUDICIAL CIRCUIT
IN AND FOR CLAY COUNTY FLORIDA

CASE NO:_____

_____
_____
Plaintiff(s),
vs.

_____
_____
Defendant(s).  and

_____
_____
Garnishee.

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING
## PURSUANT TO F.S. 77.041

**I claim exemptions from garnishment under the following categories as checked:**

_____1.  Head of family wages. (Check either a. or b. below, if applicable.)

_____ a.  I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

_____ b.  I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

_____2.  Social Security benefits.

_____3.  Supplemental Security Income benefits.

_____4.  Public assistance (welfare).

_____5.  Workers' Compensation.

_____6.  Reemployment assistance or unemployment compensation.

_____7.  Veterans' benefits.

_____8.  Retirement or profit-sharing benefits or pension money.

_____9.  Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

_____ 10.  Disability income benefits.

_____ 11.  Prepaid College Trust Fund or Medical Savings Account.

_____ 12.  Other exemptions as provided by law.    (explain)

**I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:**

**Address:** _____

**Telephone number:** _____

I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING has been furnished by _____ United States mail or hand delivery on  _____ ,to:  _____

_____

(insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished).

I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY that the statements made in this request are true to the best of my knowledge and belief.

_____ DATE: _____
Defendant's signature

**STATE OF FLORIDA**

**COUNTY OF  CLAY**

**Sworn and subscribed to before me this** _____ **day of** _____ **, _2020**

**by** _____ **(name of person making statement).**

**TARA S. GREEN,**
**AS CLAY COUNTY CLERK OF COURT**

_____
**Notary Public/Deputy Clerk**

**Personally Known  OR  Produced Identification** _____

EXHIBIT ___D___

## IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT,
## IN AND FOR CLAY COUNTY, FLORIDA

MIDLAND FUNDING LLC,

vs.

CASE NO.: 2011CC000602
DIVISION:D

BONNIE B GRIFFIS
    Defendant(s),

FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
    Garnishee.

_____/

### NOTICE OF DISSOLVING THE WRIT OF GARNISHMENT

    The Clerk of Court, having received a Claim for Exemption filed on May 07, 2021 by the Defendant and Plaintiff having failed to respond, pursuant to 77.041(3), Florida Statutes, hereby dissolves the Writ of Garnishment on April 26, 2021.

Dated May 28, 2021



5/28/2021 9:02 AM 2011CC000602

e-Signed 5/28/2021 9:02 AM 2011CC000602
AMANDA HELMER Deputy Clerk
Tara S. Green, Clay County Clerk of Court

cc:
JOHAN GREEN/ PAYALCHATANI/ MOLLY FITZPATRICK/ COLLEEN LEHMANN
IL_FL@MCMCG.COM
EUGEN NICHOLS- GENE@NICHOLSANDPINA.COM
BONNIE GRIFFIS- 329 SE 34TH STREET, KEYSTONE HEIGHTS, FL 32656

This red stamp and signature signifies this
___1___ page document is a true and accurate
copy as reflected in the Official Records of:

Tara S. Green
Clerk of the Circuit Court
Clay County, Florida

This _2_ day of _June_ ,20 _21_
By: _____ ,Deputy Clerk